# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIC CHAUSSE, | ) |
| Plaintiff, | ) |
| v. | ) No. 16 C 164 |
| | ) Judge Jorge L. Alonso |
| CAREER EDUCATION CORPORATION, CEC FOOD AND BEVERAGE LLC, LE CORDON BLEU COLLEGE OF CULINARY ARTS IN CHICAGO, and THE COOKING AND HOSPITALITY INSTITUTE OF CHICAGO, INC., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Eric Chausse, filed this action against Career Education Corporation, CEC Food and Beverage LLC, Le Cordon Bleu College of Culinary Arts in Chicago, and The Cooking and Hospitality Institute of Chicago, Inc. for defendants' alleged violation of Title III of the Americans with Disabilities Act, 42 U.S.C § 12181 *et seq*. Defendants move to compel arbitration and dismiss this action. For the reasons explained below, the Court grants defendants' motion.

## BACKGROUND

Chausse, who is legally blind, alleges that defendants unlawfully denied him enrollment at Le Cordon Bleu College of Culinary Arts in Chicago ("Le Cordon Bleu"), a cooking school. (ECF No. 1, Compl. ¶¶ 1, 9, 12.) Chausse alleges that he applied to Le Cordon Bleu and defendants sent him a letter in October 2014 informing him that he was not eligible or qualified

for admission because he is blind. (*Id.* ¶ 13.) He further alleges that defendants could have reasonably accommodated his disability. (*Id.* ¶ 15.)

Defendants move to compel arbitration and dismiss this action on the basis that when plaintiff applied for admission in 2010, he entered into an Enrollment Agreement that requires arbitration of potential claims or disputes between the parties.

## LEGAL STANDARDS

Motions to compel arbitration concern venue and are properly addressed under Federal Rule of Civil Procedure 12(b)(3). *Grasty v. Colo. Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015) (citing *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 773 (7th Cir. 2014)); *Johnson v. Orkin, LLC*, 556 F. App'x 543, 544 (7th Cir. 2014) (an arbitration clause is "simply a type of forum-selection clause," and a motion seeking dismissal based on an agreement to arbitrate therefore should be decided under Rule 12(b)(3)). The Court may consider materials outside the pleadings when evaluating such a motion. *Johnson*, 556 F. App'x at 544-45.

The Federal Arbitration Act ("FAA") governs the enforceability of arbitration clauses in state and federal courts. *Jain v. de Méré*, 51 F.3d 686, 688 (7th Cir. 1995). Under the FAA, an arbitration agreement in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Court must grant a motion to compel arbitration under the FAA where the parties have a written arbitration agreement and the asserted claims are within its scope. 9 U.S.C. §§ 3-4; *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004). "To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state-law principles of contract formation." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012). The parties cite Illinois law in their briefs, so the Court

2

will apply Illinois law. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809 (7th Cir. 2011).

In deciding a motion to compel arbitration, the court's duty is simply to determine whether the parties' dispute belongs in arbitration, not to rule on the potential merits of the underlying claim. *AT & T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 649 (1986). The party opposing arbitration bears the burden of establishing why the arbitration provision should not be enforced, *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000), and "must identify a triable issue of fact concerning the existence of the agreement in order to obtain a trial on the merits of the contract," *Tinder v. Pinkerton Security*, 305 F.3d 728, 735 (7th Cir. 2002). "[T]he evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Id.*

## DISCUSSION

Defendants contend that the Court should dismiss this action and compel arbitration of plaintiff's claim because plaintiff entered into a contract to arbitrate enrollment-related disputes and any claims related to his relationship with defendants. Defendants submit evidence that when Chausse applied to Le Cordon Bleu on September 30, 2010, he entered into a four-page written Enrollment Agreement with The Cooking and Hospitality Institute of Chicago, Inc. (the "College"), which operates Le Cordon Bleu, that contained an arbitration provision providing in pertinent part:

> Any disputes, claims, or controversies between the parties to this Enrollment Agreement arising out of or relating to (i) this Enrollment Agreement; (ii) the Student's recruitment, enrollment, attendance, or education; (iii) financial aid or career service assistance by the College; (iv) any claim, no matter how described, pleaded, or styled, relating, in any manner, to any act or omission regarding the Student's relationship with the College, its employees, or with externship sites or their employees; or (v) any objection to arbitrability or the existence, scope,

3

> validity, construction, or enforceability of this Arbitration Agreement shall be resolved pursuant to this paragraph (the "Arbitration Agreement"). . . . Unless the parties agree to an alternative, the arbitration shall be administered by the American Arbitration Association ("AAA"). . . . All in-person hearings and conferences in the arbitration shall take place in a locale near the College unless the Student and the College agree otherwise. . . . Each party shall bear the expense of its own counsel, experts, witnesses, and preparation and presentation of proofs. All fees and expenses of the arbitrator and administrative fees and expenses of the arbitration shall be paid by the parties as provided by the AAA's Commercial Arbitration Rules, including the Supplementary Procedures for Consumer-Related Disputes . . . . This Arbitration Agreement will survive the termination of the Student's relationship with the College.

(ECF Nos. 11 & 11-1, Defs.' Mem. Supp. Mot., Ex. 1, Decl. of Laura Rice ¶ 6 & Ex. A, Chausse Enrollment Agreement at 4.) Above plaintiff's signature, the Enrollment Agreement also states: "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES." (*Id.* at 2.)

Plaintiff asserts in response to defendants' motion that he is not complaining about Le Cordon Bleu's failure to accommodate him in relation to his 2010 enrollment application, but in relation to a 2014 enrollment application. He filed a declaration in which he states that he applied to Le Cordon Bleu on July 15, 2014, by submitting an online application, and "during" that application, "there was no language related to arbitration." (ECF No. 16-1, Decl. of Eric Chausse ¶¶ 3-5.) Plaintiff's response brief fails to explain what he believes is the legal effect of the 2014 application.

In reply, defendants submit evidence that their only enrollment agreement of record from Chausse is the 2010 Enrollment Agreement; there are no records that Chausse submitted any enrollment agreement in 2014; and any student who applied for enrollment at that time, online or otherwise, was required to complete an enrollment agreement that contained the same arbitration provision as Chausse's 2010 Enrollment Agreement. (ECF No. 17-1, Suppl. Decl. of Laura Rice

4

¶¶ 4-6, Ex. A, 2014 Enrollment Agreement.)

Although the Court is required to believe plaintiff's evidence and draw all inferences in his favor, plaintiff does not offer any evidence that contravenes defendants' evidence that all applicants in 2014 were required to enter into an Enrollment Agreement that contained an arbitration provision.[1] But in any event, it is undisputed that in 2010, plaintiff entered into an Enrollment Agreement with the College that included an agreement to arbitrate all disputes relating to his relationship with the College, and that plaintiff expressly agreed that the arbitration agreement would continue despite the termination of that relationship. Plaintiff cites no authority for his suggestion that the 2010 agreement is no longer enforceable due to his 2014 application, or that the agreement would not apply to a claim for discrimination that allegedly occurred in 2014.

Plaintiff argues that the Enrollment Agreement is not a contract, because it lacked consideration.[2] Plaintiff does not develop his argument, and the Court is unpersuaded. The Enrollment Agreement and the arbitration provision are supported by consideration because the College agreed to consider plaintiff for enrollment in exchange for plaintiff's agreement to abide by its rules and procedures, and both parties agreed to arbitrate their disputes. *See Chatman v.*

---

[1] The Court also notes that plaintiff's declaration appears carefully crafted regarding the lack of "language related to arbitration" "during" his application. Plaintiff does not provide any details about how he reviewed and submitted his 2014 application (other than by filling it out and clicking on "apply"), nor does he state that he reviewed all of the application's provisions.

[2] Arbitration agreements are treated like other contracts under Illinois law; there must be an "offer, acceptance and consideration." *Vassilkovska v. Woodfield Nissan, Inc.*, 830 N.E.2d 619, 623-24 (Ill. App. Ct. 2005). The existence of a contract is an issue that a court must decide prior to ordering arbitration, unless the parties have committed even that threshold issue to the arbitrator, which it does not appear they did here. *See Janiga v. Questar Capital Corp.*, 615 F.3d 735, 738 (7th Cir. 2010).

5

*Pizza Hut, Inc.*, No. 12 C 10209, 2013 WL 2285804, at *4 (N.D. Ill. May 23, 2013) (applying Illinois law and finding consideration where defendant agreed to consider plaintiff for employment in exchange for plaintiff's agreement to abide by company rules upon employment); *Ravenscraft v. BNP Media, Inc.*, No. 09 C 6617, 2010 WL 1541455, at *2 (N.D. Ill. Apr. 15, 2010) (same).

Plaintiff also contends that the arbitration provision is "unjust" because 1) it provides for the application of the AAA's Commercial Arbitration rules, rather than its Consumer Arbitration Rules; 2) it provides that those rules "in effect at the time the arbitration is brought" will apply, which are "rules in the future" and thus unavailable to plaintiff at the time plaintiff entered into the Agreement; and 3) it is printed in small type and appears on the fourth page, two pages after the signature line. Plaintiff's reliance on these arguments is misplaced. Because the arbitration provision in this case governs challenges to its own enforceability, these issues are themselves subject to arbitration. *See Janiga*, 615 F.3d at 742; *Gragg v. ITT Tech. Inst.*, Civil No. 14-3315, 2016 WL 777883, at *5 (C.D. Ill. Feb. 29, 2016).

Plaintiff's remaining contentions are without merit. The Court concludes that an arbitration agreement between plaintiff and the College precludes plaintiff from litigating his claim in federal court, and plaintiff has failed to establish that the agreement should not be enforced. Furthermore, in light of the fact that plaintiff brings a single claim and therefore the entire controversy between the parties will be resolved by arbitration, the Court dismisses this action without prejudice[3] pursuant to Federal Rule of Civil Procedure 12(b)(3) and § 4 of the

---

[3]Defendants request a dismissal with prejudice. A dismissal for improper venue pursuant to compelled arbitration, however, "is without prejudice because it is not an adjudication on the merits." *Johnson v. W. & S. Life Ins. Co.*, 598 F. App'x 454, 456 (7th Cir. 2015).

FAA. *See Soucy v. Capital Mgmt. Servs., L.P.*, No. 14 C 5935, 2015 WL 404632, at *6 (N.D. Ill. Jan. 29, 2015) (noting that the Seventh Circuit "has repeatedly affirmed district courts' decisions dismissing suits where all of the claims must be arbitrated according to the agreement" and stating that "when all of the claims are subject to a valid and enforceable arbitration agreement, retaining jurisdiction and staying the case serves little purpose and is a waste of judicial resources.").

## CONCLUSION

Defendants' motion to compel arbitration [10] is granted. This action is dismissed without prejudice, and the parties shall proceed to arbitration. Civil case terminated.

**SO ORDERED.**  ENTERED: April 20, 2017

_____
**JORGE L. ALONSO**
**United States District Judge**